IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jametrius Laquan Judge, ) | Civil Action No. 4:09-70116 |
| ) | Criminal No. 4:06-1317 |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| The United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Jametrius Laquan Judge ("petitioner").

On June 26, 2007, the petitioner was charged with four counts of criminal conduct in Superseding Indictment 4:06-1317. On July 18, 2007, the petitioner pled guilty to Count 9 of the Superseding Indictment. (Doc. #251). Count 9 charged the petitioner with possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e). On October 30, 2007, the petitioner was sentenced to 102 months of imprisonment to be followed by three years of supervised release. Judgment was entered in the petitioner's case on November 15, 2007. (Doc. #314).

The petitioner timely filed an appeal of his conviction with the Fourth Circuit Court of Appeals. On July 2, 2009, the Fourth Circuit issued an opinion affirming the petitioner's conviction. United States v. Jametrius Laquan Judge, et. al, No. 07-5101 (4th Cir. 2009) (unpublished).

The petitioner filed the present motion to vacate his conviction pursuant to 28 U.S.C. § 2255 raising one ground for relief on November 6, 2009. (Doc. #386). The United States of America

("Government") filed its response to the petitioner's motion to vacate under 28 U.S.C. § 2255 and motion for summary judgment on December 9, 2009. (Docs. #390, #391). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed December 11, 2009 that he had thirty-four days to file any material in opposition to the Government's motion for summary judgment. (Doc. #392). The petitioner filed a response to the Government's motion for summary judgment on December 17, 2009. (Doc. #394). This matter is ready for disposition.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair

2

procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case

3

necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

Within the motion to vacate, the petitioner has raised a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel is subject to collateral review pursuant to 28 U.S.C. § 2255. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). In order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. As the Court in Strickland observed:

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689.

4

**DISCUSSION**

In support of his single ground for relief, the petitioner asserts that his trial counsel was ineffective for failing to object to "an unwarranted 2 level enhancement pursuant to 2K2.1(b)(4)." (Mem. in Supp. at p. 4, Doc. #386). The petitioner asserts that his counsel's failure to object "fell below an objective standard of reasonableness," and constituted ineffective assistance of counsel. (Mem. in Supp. at p. 4, Doc. #386).

The sentencing guideline challenged by the petitioner provides that: "[i]f any firearm (A) was stolen, increase by **2** levels; or (B) had an altered or obliterated serial number, increase by **4** levels." U.S.S.G. § 2K2.1(b)(4) (emphasis in original). The Presentence Investigative Report ("PSR") prepared in the petitioner's case provided that "[t]he firearm carried by one of the codefendants was stolen," and attributed a 2 level enhancement to the petitioner pursuant to § 2K2.1(b)(4). (PSR at ¶ 46). No specific written objection to this enhancement was submitted. At the sentencing hearing, the petitioner's counsel raised an objection to the "factual characterization that Mr. Judge was participating in the pre-emptory behavior" in order to preserve the record on appeal with regard to a previously litigated motion to suppress, but did not specifically object to the 2 level enhancement pursuant to § 2K2.1. (Sentencing Trans. at pp. 2:13-4:19). The petitioner then affirmed his understanding that there were no further objections to the PSR.[1] Following a successful argument by petitioner's attorney, the Court agreed to accept the stipulated sentence of 102 months

---

[1] See Sentencing Trans. at pp. 4:22-5:3:
  The Court: Thank you. Mr. Judge, you've heard your lawyer state that there are no objections to the presentence report. She has placed certain matters on the record, in regards to your case. But do you agree that there are no objections to the presentence report other than what has been stated by your counsel.
  The Defendant: Yes, Sir.

in this case. (Sentencing Trans. at p. 10:4-12).

The Court notes that the petitioner entered into a binding plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that included a stipulated sentence of 8.5 years, or 102 months. (Plea Ag. at ¶ 7). The petitioner's attorney successfully argued that the stipulated sentence was appropriate, and the Court ultimately accepted the stipulation. The record indicates that the petitioner's attorney actively pursued a course of action that led to the Court's acceptance of the petitioner's binding agreement with the Government. Thus, the record does not appear to indicate that the petitioner's attorney acted in an objectively unreasonable manner by not objecting to the 2 level enhancement pursuant to § 2K2.1(b)(4).

Additionally, the petitioner has not met his burden of showing that he was prejudiced by his attorney's failure to object to the enhancement. As an initial matter, the petitioner has not shown that an objection to the enhancement would be successful. As noted above, the PSR indicated that one of the guns possessed by a codefendant in the petitioner's multi-defendant case was stolen. (PSR at ¶ 46). The Eighth Circuit has affirmatively held that "'any firearm' in § 2K2.1(b)(4) is not limited to the firearms that the defendant was convicted of possessing," and that the guideline language "must mean that the enhancement applies whenever a stolen firearm is involved in the offense of conviction or in relevant conduct." United States v. Cole, 525 F.3d 656, 659-60 (8th Cir. 2008). Thus, application of the challenged enhancement is supported by the facts of this case as well as the relevant caselaw. The petitioner has not met his burden of showing that he would have prevailed on an objection to this enhancement.

In addition, the petitioner has not shown that his guideline range would change even if he were to prevail on an objection to the 2 level enhancement pursuant to § 2K2.1(b)(4). The record

indicates that the petitioner possessed a firearm in this case in connection with a drug sale. United States Sentencing Guidelines Section 2K2.1(c) provides that if a firearm was possessed in connection with the commission or attempted commission of another offense, the Court should cross reference the guideline range for the attempt, solicitation, or conspiracy to commit that other offense if the relevant guideline range for the other offense is higher than the guideline range for the gun offense. The United States Probation Office has indicated that the guideline range for the drug offense was equal to the guideline range for the gun offense for which the petitioner was sentenced.[2] Because the two guideline ranges were equal, the United States Probation Office used the guideline range for the gun offense to calculate the petitioner's advisory guideline range. However, if the petitioner had prevailed on his proposed objection to the guideline range for the gun offense and his base offense level for the gun offense was reduced from a level 28 to a level 26, the base offense level of 28 for the drug offense would have superseded the guideline range for the gun offense. See U.S.S.G. § 2K2.1(c)(1)(A). The petitioner has not shown a basis for objecting to the base offense level for the drug offense. Thus, even if the petitioner had prevailed on his objection to the 2 level enhancement for possession of a stolen weapon pursuant to § 2K2.1(b)(4), the petitioner's guideline range would remain unchanged. For this reason, the petitioner cannot show that he was prejudiced by his counsel's failure to object to the enhancement pursuant to § 2K2.1(b)(4).

## **CONCLUSION**

For the foregoing reasons, the petitioner's motion for relief pursuant to 28 U.S.C. § 2255,

---

[2] The PSR indicates that according to U.S.S.G. § 2X1.1, the base offense level for the drug offense would be a level 26 pursuant to U.S.S.G. § 2D1.1(c)(7) plus an additional 2 levels for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1), resulting in a total offense level of 28 prior to any adjustments for acceptance of responsibility. See (PSR at ¶ 47).

(Doc. #386), is **DENIED**; and the Government's motion for summary judgment is **GRANTED**. (Doc. #391). This matter is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. The petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                 s/Terry L. Wooten
                                           United States District Judge

April 7, 2010
Florence, South Carolina